# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>Ray Maxwell,<br><br>    Defendant/Petitioner. | CV 10-9766 RSWL<br>CR 04-732-RSWL-1<br><br>**ORDER RE: PETITIONER'S APPLICATION FOR 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [CV 17]** |

   Before the Court is Petitioner Ray Maxwell's ("Petitioner") Application for 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed February 10, 2014 [CV 17]. In response, the Government filed a Motion to Dismiss Petitioner's Application [CR 1066]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

   The Court hereby **GRANTS** the Government's Motion to Dismiss [CR 1066] and **DISMISSES** Petitioner's Application [CR 1064, CV 17].

## I. BACKGROUND

On March 27, 2007, Petitioner pled guilty to Conspiracy to Commit Armed Bank Robbery pursuant to 18 U.S.C. § 371, one count of Attempted Armed Bank Robbery and two counts of Armed Bank Robbery pursuant to 18 U.S.C. § 2113(a), and one count of Discharging a Firearm During a Crime of Violence pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) [CR 544, 556]. This Court sentenced Petitioner to a term of 360 months on May 5, 2008 [CR 883-884]. Petitioner appealed his judgment on May 13, 2008 [CR 879] and the Ninth Circuit affirmed Petitioner's conviction on direct review on January 21, 2010 [CR 997].

Petitioner now claims that because he was under the influence of medications to treat his mental illness at the time of his guilty plea, he was not competent to accept this plea deal or to plead guilty, and his trial counsel rendered ineffective assistance of counsel by allowing him to do so.

Petitioner previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 17, 2010 [CV 1, CR 1014].

Petitioner also filed a motion requesting that the Court recuse itself on August 25, 2011 [CV 10]. That motion was referred to Judge Wilson on August 29, 2011 [CV 11]. Judge Wilson denied Petitioner's motion to have Judge Lew recuse himself on September 23, 2011 [CV 13].

Subsequent to Judge Wilson's ruling, on December 9, 2011, this Court denied Petitioner's original Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [CV 14]. This Court also denied Petitioner's Motion for Reconsideration filed January 5, 2012 [CV 15, 16].

Petitioner filed a Notice of Appeal of the Court's rulings denying Petitioner's motions on March 26, 2012 [CR 1052]. This Court issued an Order denying a certificate of appealability on April 18, 2012 [CR 1054]. The Ninth Circuit followed suit on February 8, 2013 [CR 1059].

## II. LEGAL STANDARD

**A. Successive 28 U.S.C. § 2255 Motions**

Congress enacted the Antiterrorism and Effective Death Penalty Act in 1996, "codifying the judicially established principles reflected in the abuse-of-the-writ doctrine and further restricting the availability of relief to habeas petitioners." United States v. Lopez, 577 F.3d 1053, 1060-61 (9th Cir. 2009) (citing Felker v. Turpin, 518 U.S. 651, 664 (1996)).

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Under that section,
> a motion cannot be considered unless it has
>    first been certified by the court of appeals to

1	    contain either "(1) newly discovered evidence
2	    that, if proven and viewed in light of the
3	    evidence as a whole, would be sufficient to
4	    establish by clear and convincing evidence that
5	    no reasonable factfinder would have found the
6	    movant guilty of the offense," or "(2) a new
7	    rule of constitutional law, made retroactive to
8	    cases on collateral review by the Supreme
9	    Court, that was previously unavailable."
10	Id. (quoting 28 U.S.C. § 2255(h)).  If § 2255(h)
11	applies, but a petitioner has not received permission
12	from the court of appeals to file a successive § 2255
13	petition, then the district court is without
14	jurisdiction.  Id. at 1065.  In other words, if a
15	petitioner fails to comply with the procedure
16	requirements for filing a successive § 2255 motion, his
17	motion must ordinarily be dismissed.  See United States
18	v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (citing
19	Nelson v. United States, 115 F.3d 136 (2d Cir. 1997)).

### III. DISCUSSION

21	    Petitioner has previously filed a § 2255 motion
22	with this Court [CV 1, CR 1014], which this Court
23	denied on December 9, 2011 [CV 14, CR 1046].  The
24	grounds for Petitioner's previous § 2255 Motion
25	included a claim of ineffective assistance of counsel
26	by virtue of Petitioner's medication-influenced state.
27	Dkt. # CV 1 at 5.  Petitioner's instant Application is
28	premised on the exact same ground - that he was unable

4

to make a knowing and voluntary plea due to his drug-influenced state and that his counsel failed to present that information to the Court. Mot. at 2.

Petitioner's instant Application is clearly a "second or successive" § 2255 motion. 28 U.S.C. § 2255(h). Petitioner plainly appears to contend as much as he titles his Application as one for 28 U.S.C. § 2255 [CV 17].

Alternatively, Petitioner appears to contend that his Motion is one to amend made under Federal Rule of Civil Procedure 15(c). Reply at 2. However, this Court has already ruled on Petitioner's previous § 2255 motion [CV 14, CR 1046] and Petitioner's motion to amend is more properly construed as a second or successive § 2255 motion (see Beaty v. Schriro, 554 F.3d 780, 783 n.1 (9th Cir. 2009) (holding that a petitioner cannot amend his petition after the district court has ruled and proceedings have begun in the circuit court)). This is particularly true as the grounds for his instant Application are practically identical to those raised in his previous § 2255 motion. See Allen, 157 F.3d at 664 (quoting United States v. Gutierrez, 116 F.3d 412 (9th Cir. 1997)) ("a 'ground is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments.'").

Petitioner's similar contentions under 28 U.S.C. §

2255(f)(3) and (4) and Federal Rule of Civil Procedure 7 are also without merit. Reply at 1.

28 U.S.C. § 2255(f)(3) and (4) simply provide that a one year limitations period on the filing of § 2255 motions runs from "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(3) and (4). Neither provision applies here as Petitioner does not make any arguments regarding a newly recognized right made retroactively applicable to cases on collateral review or regarding newly discovered evidence.

Federal Rule of Civil Procedure 7 simply lists the types of pleadings allowed and provides that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7. It is entirely unclear how this Rule applies to the instant matter.

In any event, the Ninth Circuit has not certified that Petitioner's instant Application contains either newly discovered evidence or a new rule of constitutional law. Petitioner does not appear to offer any such certification. Without such a certification, this Court does not have jurisdiction to

1 consider Petitioner's Application. <u>Washington</u>, 653
2 F.3d at 1065. Accordingly, the Court **DISMISSES**
3 Petitioner's Application as barred by 28 U.S.C. §
4 2255(h)'s bar against second or successive motions.

**IV. CONCLUSION**

6     For the foregoing reasons, this Court **GRANTS** the
7 Government's Motion to Dismiss [CR 1066] and **DISMISSES**
8 Petitioner's Application [CR 1064, CV 17].

11 **IT IS SO ORDERED.**
12 DATED: June <u>23</u>, 2014

14                         RONALD S.W. LEW
15                         **HONORABLE RONALD S.W. LEW**
                        Senior U.S. District Judge

7