1  'O'
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11

| | |
|---|---|
| 12  RAY A. MAXWELL,<br>13           Petitioner,<br>14      v.<br>15  UNITED STATES OF AMERICA,<br>16           Government.<br>17 | CR 04-00732-RSWL-1<br><br>**ORDER re:**<br>**Petitioner's Motion to**<br>**Alter or Amend a Judgment**<br>**Construed [1254]** |

18
19     Currently before the Court is Petitioner Ray A.
20  Maxwell's ("Petitioner") Motion to Alter or Amend a
21  Judgment pursuant to Federal Rule of Civil Procedure
22  59(e) ("Petitioner's Motion") [1254].  Petitioner seeks
23  to alter the Court's December 22, 2022 Order dismissing
24  Petitioner's Motion to Resentence [1253].
25     Having reviewed all papers submitted pertaining to
26  the Motion, and finding that further briefing is not
27  necessary on this matter, the Court **NOW FINDS AND RULES**
28

1

**AS FOLLOWS:** the Court **DENIES** Petitioner's Motion to Alter or Amend a Judgment.

## I. BACKGROUND

### A. Factual Background

On March 27, 2007, Petitioner pled guilty to one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, one count of attempted armed bank robbery and two counts of armed bank robbery in violation of 18 U.S.C. § 2113, and one count of discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). See Plea Agreement, ECF No. 544; Minutes of Mot. Hr'g and Change of Plea Hr'g 2, ECF No. 556. On May 5, 2008, this Court sentenced Petitioner to a term of 360 months in prison followed by five years of supervised release. J. and Probation/Commitment Order 1, ECF No. 884. Plaintiff appealed from the judgment of conviction and sentence, and the Ninth Circuit affirmed. See United States v. Maxwell, 360 F. App'x 896, 898 (9th Cir. 2009).

In 2010, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1014], which the Court denied [1046]. The Court also denied [1051] Petitioner's Rule 59(e) Motion for Reconsideration to Alter or Amend Judgment [1049]. In 2014, Petitioner filed another Application Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1064], which the Court dismissed [1070]. The Court

subsequently denied [1077] Petitioner's Petition for Reconsideration of its Order regarding his Application to Vacate, Set Aside, or Correct Sentence [1072]. In 2016, Petitioner filed his third § 2255 motion [1168], which the Court also denied [1178]. On June 27, 2019, Petitioner filed a Motion to Reopen Case [1216]. The Court denied [1217] that motion because it was, in substance, a successive habeas corpus petition filed without pre-certification by the Ninth Circuit. See Order re: Pet'r's Mot. to Reopen Case and to Appoint Counsel 2:11-5:2, ECF No. 1217. In 2020, Petitioner filed a Motion for Compassionate Release/Reduction of Sentence [1225], which the Court also denied [1240].

    Petitioner filed a Motion to Grant Resentencing [1243] on September 21, 2022. The Government opposed by filing its Motion to Dismiss the Petitioner's Motion to Grant Resentencing [1248]. The Court granted the Government's Motion to Dismiss and dismissed Petitioner's Motion to Grant Resentencing [1253] on December 22, 2022.[1]

    Petitioner filed the instant Motion [1254] on January 26, 2023. Petitioner again argues that he is entitled to be resentenced without consideration of his Chapter Four Career Offender designation because one of his prior convictions has been "invalidated" or set

---

[1] Since the Ninth Circuit affirmed his conviction in 2009, Petitioner has filed eight separate motions for post-conviction relief, including the instant Motion.

1 aside. See generally Pet'r's Mot. for Recons., ECF No.
2 1254.

## II. DISCUSSION

### A. Legal Standard

"When a party seeks reconsideration of an interlocutory order rather than a final judgment, . . . the motion is governed by Local Rule 7-18." In re Benham, No. 13-cv-00205-VBF, 2013 WL 3872185, at *2 (C.D. Cal. May 29, 2013) (citing Lozano v. AT&T Wireless, No. 02-cv-00090-WJR, 2003 WL 25548566, at *1 (C.D. Cal. Aug. 18, 2003)) ("While Federal Rules of Civil Procedure 59 and 60 permit reconsideration of final judgments, California Central District Local Rule 7-18 allows motion for reconsideration 'of the decision on any motion.'"); see Union Pacific R.R. Co. v. Coast Packing Co., 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002)); C.D. Cal. L.R. 7-18.

Rule 7-18 states that a motion for reconsideration "of the decision on any motion" may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   | (b) the emergence of new material facts or a                         |
| 2   | change of law occurring after the time of such                       |
| 3   | decision, or                                                         |
| 4   | (c) a manifest showing of a failure to consider                      |
| 5   | material facts presented to the Court before                         |
| 6   | such decision.).                                                     |
| 7   | C.D. Cal. L.R. 7-18.                                                 |
| 8   | "The moving party must demonstrate one of the                        |
| 9   | above conditions in order to have [the Court] reconsider             |
| 10  | the motion." Union Pac. R.R. Co., 236 F. Supp. 2d at                 |
| 11  | 1137–38. "'[A] mere attempt by [the moving party] to                 |
| 12  | reargue its position by directing this Court to                      |
| 13  | additional case law and . . . argument[s] which [it]                 |
| 14  | clearly could have made earlier, but did not . . . is                |
| 15  | not the purpose of motions for reconsideration under'                |
| 16  | Local Rule 7-18." Id. (quoting Yang Ming Marine Transp.              |
| 17  | Corp. v. Oceanbridge Shipping Int'l, Inc., 48 F. Supp.               |
| 18  | 2d 1049, 1057 (C.D. Cal. 1999)).                                     |
| 19  | **B. Discussion**                                                    |
| 20  | "Reconsideration is appropriate if the district                      |
| 21  | court (1) is presented with newly discovered evidence,               |
| 22  | (2) committed clear error or the initial decision was                |
| 23  | manifestly unjust, or (3) if there is an intervening                 |
| 24  | change in controlling law." Sch. Dist. No. 1J,                       |
| 25  | Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263              |
| 26  | (9th Cir. 1993). Local Rule 7-18 instructs that "newly               |
| 27  | discovered evidence" is either facts occurring after the             |
| 28  | time of decision or those "that in the exercise of                   |

reasonable diligence could not have been known" to the movant at the time of the decision. It further permits reconsideration for material differences in law or "a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18.

Here, Petitioner offers no newly discovered evidence or intervening change in controlling law. Rather, Petitioner regurgitates the exact same arguments as in his underlying Motion to Grant Resentencing [1243]. See generally Pet'r's Mot. for Recons. Moreover, Petitioner has not shown that the Court manifestly failed to consider material facts Petitioner previously presented. Instead, Petitioner contends the Court erred in reaching its legal conclusions. See generally id. Plaintiff does not demonstrate any ground for reconsideration, and he fails to show this is "one of the rare and highly unusual circumstances under which a motion for reconsideration should be granted." See Kopelev v. Boeing Co., No. LACV20-05805-VAP-KSx, 2021 U.S. Dist. LEXIS 167261, at *5 (C.D. Cal. July 29, 2021). Thus, reconsideration is not warranted and Petitioner's Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

///
///
///

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Motion to Alter or Amend a Judgment.

**IT IS SO ORDERED.**

DATED: March 13, 2023        /s/Ronald S.W. Lew
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge